**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALVIN R. ROSS,<br><br>             Plaintiff - Appellant,<br><br>   v.<br><br>WILLIAM McGUINNESS, Chief Medical Officer & Medical Doctor; et al.,<br><br>             Defendants - Appellees. | No. 11-16017<br><br>D.C. No. 1:08-cv-00306-MHM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Mary H. Murguia, Circuit Judge, Presiding[**]

Submitted February 21, 2012[***]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

California state prisoner Alvin R. Ross appeals pro se from the district

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The Honorable Mary H. Murguia, United States Circuit Judge for the Ninth Circuit, sitting by designation.

   [***]    The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Ross's deliberate indifference claims because Ross failed to raise a genuine dispute of material fact as to whether defendants knew of and consciously disregarded his serious medical needs related to his shoulder injury and pain. *See id.* at 1057-58, 1060 (deliberate indifference is a high legal standard; mistakes, negligence, or malpractice by medical professionals are not sufficient to constitute deliberate indifference, nor is an inmate's difference of opinion with the physician regarding the appropriate course of treatment).

To the extent that Ross contended that defendant McGuinness violated Ross's constitutional rights in reviewing and responding to Ross's grievance about his medical care, the district court properly granted summary judgment because such allegations cannot give rise to a § 1983 claim. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (§ 1983 claim based on the processing of inmate appeals has no constitutional foundation because inmates lack a constitutional entitlement to a specific prison grievance procedure).

Ross's remaining contentions are unpersuasive.

Ross's request for appointment of counsel, set forth in his opening brief, is denied. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth "exceptional circumstances" requirement for appointment of counsel).

**AFFIRMED.**